UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                              :
DAVID BURLINGAME,                                             :
                                                              :
                              Plaintiff,                      :
                                                              :                25-CV-1704 (JMF)
              -v-                                             :
                                                              :                MEMORANDUM OPINION
ARGO PRIVATE CLIENT GROUP, LTD. et al.,                       :                AND ORDER
                                                              :
                              Defendants.                     :
                                                              :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 15, 2026, Defendants filed a motion to seal this case in its entirety.  ECF No. 61.  A motion to seal, however, must overcome the "strong presumption of public access" to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  "Because the public can never evaluate a case that remains permanently sealed, a Court may only permit the sealing of an entire case file as a last resort."  *United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC*, No. 20-CV-8262 (JPC), 2022 WL 1171294, at *2 (S.D.N.Y. Apr. 20, 2022) (cleaned up).  Here, none of the arguments asserted by Defendants satisfy this demanding standard.  *See, e.g.*, *Finley v. Przybylowski*, No. 25-CV-04383 (JAV), 2025 WL 3625931, at *5 (S.D.N.Y. Dec. 15, 2025) ("If the purported falsity of the complaint's allegations were sufficient to seal an entire case, then the law would recognize a presumption to seal instead of a presumption of openness." (internal quotation marks omitted)); *Reynolds v. Mercy Inv. Servs., Inc.*, No. 24-CV-0362 (NJC) (JMW), 2024 WL 496719, at *3 (E.D.N.Y. Feb. 8, 2024) ("[A] party's generalized concerns of adverse publicity and damage to reputation do not warrant sealing." (cleaned up)); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 603 (S.D.N.Y. 2011) ("[S]ealing an entire case file is a last resort" (internal quotation marks omitted)); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings").  Accordingly, Defendants' motion to seal the entire case is and must be DENIED.

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

Dated: May 19, 2026
      New York, New York                          _____
                                                  JESSE M. FURMAN
                                                  United States District Judge